UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EYIDI AMBILA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SHERIFF ANDREA J. CABRAL, )<br>)<br>Respondent.[1] )<br>) | C.A. No. 07-11030-GAO |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS FOR MOOTNESS

In his Petitioner, Eyidi Ambila, challenges his continued detention; however, because he was recently released from custody on August 7, 2007, see Attachment A, Release Notification and Order of Supervision, the relief sought in his petition (i.e., release from respondent's custody) has occurred and the case should be dismissed for lack of subject matter jurisdiction as moot.

### ARGUMENT

I.  PETITIONER HAS BEEN RELEASED FROM RESPONDENTS' CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, . . . or alternatively, when the

---

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law."  Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d e. 1988) (internal quotations omitted).  Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case.  U.S. Const. art. III, S. 2 et seq.; see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S. Ct. 386, 390 (1994).

Because the result sought in the petition - - petitioner's release from the custody of the Department of Homeland Security until such time as his removal becomes practicable - - has now been effectuated by Ambila's release from custody on August 7, 2007, see Attachment A, there is no continuing live case or controversy and accordingly the petition should be dismissed as moot.

## CONCLUSION

There being no present case or controversy, this action should be dismissed for mootness.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:  /s/ Michael Sady
>Michael Sady
>Assistant U.S. Attorney
>John Joseph Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA 02210
>(617) 748-3100

Dated: August 24, 2007

## CERTIFICATE OF SERVICE

I certify that on, I caused a copy of the foregoing document to be served on August 24, 2007 by first class mail, postage pre-paid to pro se petitioner, Eyidi Ambila, 60 Columbia Road, Portland, ME 04103.

> /s/ Michael Sady
>Michael Sady
>Assistant U.S. Attorney